IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 03-CR-53-BR<br>03-CR-14-BR |
| Plaintiff, | (05-CV-997-BR) |
| | OPINION AND ORDER |
| v. | |
| FRANCISCO RAMIREZ-GONZALEZ, | |
| Defendant. | |

KAREN J. IMMERGUT
United States Attorney
HANNAH HORSLEY
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1000

    Attorneys for Plaintiff

FRANCISCO RAMIREZ-GONZALEZ
No. 01300-029
FCI Terminal Island
1299 Seaside Avenue
Terminal Island, CA 90731

    Defendant, *Pro Se*

1 - OPINION AND ORDER

BROWN, Judge.

This matter comes before the Court on Defendant Francisco Ramirez-Gonzalez's Motion to Vacate, Set Aside, or Correct Sentence (#41). Defendant did not file a brief or memoranda in support of his Motion. After the government filed its Response to Defendant's Motion, the Court issued an Order setting the deadline for Defendant to file a Reply. Defendant did not file a Reply nor did he seek additional time to do so.

For the reasons that follow, the Court **DENIES** Ramirez-Gonzalez's Motion.

## BACKGROUND

On August 25, 1997, Defendant appeared in the United States District Court for the District of Idaho for sentencing after his guilty plea to the crime of Illegal Reentry of a Deported Alien Following a Felony Conviction. Defendant was sentenced to 60 months incarceration followed by a three-year term of supervised release subject to standard and special conditions, including the condition that Defendant "shall not reenter the United States without permission of the Attorney General."

On August 23, 2001, Defendant was released from custody to commence his term of supervised release. Defendant was immediately taken into custody by the United States Immigration and Naturalization Services (INS). On August 24, 2001, the INS

deported Defendant to Mexico.

On October 16, 2002, INS agents located Defendant in Oregon in the Multnomah County Jail. On January 7, 2003, a federal grand jury returned an Indictment charging Defendant (under the name Rafael Munguia-Tafolla, one of Defendant's more than 63 aliases) with one count of Illegal Reentry by a Citizen of Mexico into the United States in violation of 8 U.S.C. § 1326(a) and (b)(2)(Case No. 03-CR-14).

On February 10, 2003, jurisdiction for the violation of supervised release was transferred from the District of Idaho to the District of Oregon. On June 28, 2004, Defendant pleaded guilty to the Indictment in Case No. 03-CR-14 and to the supervised-release violation, Case No. 03-CR-53.

On September 23, 2004, this Court sentenced Defendant to 60 months imprisonment on the charge of illegal reentry and 24 months for violating the terms of his supervised release with the sentences to be served concurrently.

In his Motion, Defendant references only Case No. 03-CR-53, which is the case number assigned to Defendant's violation of his supervised release. In the text of his Motion, however, Plaintiff challenges his 60-month sentence for illegally entering the United States following deportation, which is Case No. 03-CR-14. The Court, therefore, construes Defendant's Motion as challenging his 60-month sentence in Case No. 03-CR-14.

3 - OPINION AND ORDER

## STANDARDS

28 U.S.C. § 2255 provides in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Section 2255 requires a district court to "grant a hearing to determine the validity of a petition brought under that section '[u]less the motions and files and records of the case *conclusively show* that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (emphasis in original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998)(internal quotations and citation omitted). To have the right to a hearing, therefore, the movant must make specific factual allegations, which, if true, would entitle him to relief. *Id.* Mere conclusory statements in a § 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980), *cert. denied*, 451 U.S. 938 (1981). The decision

4 - OPINION AND ORDER

to hold a hearing is within the court's discretion. *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988).

**DISCUSSION**

Defendant challenges his sentence on the following ground:

> Conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and consequences of the plea. I strongly believe that I didn't deserve 60 months because I only crossed the border to seek medical treatment. I had an umbilical hernia ready to burst. I considered this matter a matter of life or death. I received a free surgery in Salt Lake city, Utha [sic]. I was able to prove to the judge that I wasn't lying I presented her my medical record from Utha [sic].

Defendant's brief statement does not support his assertion that his sentence was excessive or otherwise unlawful. The sentence of 60 months was within the guideline range of 51-63 months. The Court considered Defendant's contention that he reentered the United States to seek medical care, but the Court found a downward departure was, nonetheless, inappropriate due to Defendant's extensive criminal history, multiple prior convictions for illegal reentry, and the fact that he did not immediately seek such care when he returned to the United States.

Moreover, at the sentencing hearing, the Court gave Defendant an opportunity to withdraw his guilty plea due to a suggestion in the sentencing memo submitted by Defendant's

counsel that Defendant's guilty plea was not a knowing plea. The Court stated:

> I wanted to resolve, however, whether there's any question about the defendant's plea, because if it was not done in a knowing manner; that is to say, if the defendant feels in some way that he was misled into a plea, it might be appropriate for the Court to consider allowing him to withdraw the plea.

The Court recessed the proceedings to allow Defendant to consult with his counsel. After the recess, Defendant's counsel stated Defendant was prepared to proceed with sentencing and did not want to withdraw his guilty plea. Defense counsel also stated:

> I have discussed with him the issue of our plea, and he informs me that he does not feel like he was tricked or misled. He understood that the final determination of his offense level and grid sentencing would be left up to the Court, and that whatever recommendations made by myself or the prosecutor were just that, were recommendations and suggestions on where his offense level would end up.

The record is clear, therefore, that Defendant knowingly pled guilty to the charge against him and that the Court sentenced him in accordance with the law. Accordingly, the Court finds Defendant is not entitled to relief from his sentence.

In addition, the Court, in the exercise of its discretion, finds there is not any need for an evidentiary hearing to decide this Motion because Defendant makes only conclusory allegations and the record in this case conclusively demonstrates Defendant

6 - OPINION AND ORDER

is not entitled to relief from his sentence.

## CONCLUSION

For the above reasons, the Court **DENIES** Defendant's Motion to Vacate, Set Aside, or Correct Sentence (#41).

IT IS SO ORDERED.

DATED this 4th day of November, 2005.

_____
ANNA J. BROWN
United States District Judge

Ramirez-Gonzalez-03-53-11-04-05-jkb.wpd

7 - OPINION AND ORDER